**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MICHELLE ROBERTS, ) | 3:05-CV-00459-RAM |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| vs. ) | **AND ORDER** |
| ) | |
| STATE OF NEVADA, ex rel., ITS ) | |
| DEPARTMENT OF CONSERVATION ) | |
| AND NATURAL RESOURCES, ) | |
| DIVISION OF STATE PARKS, KEITH ) | |
| PENNER, an individual, ) | |
| ) | |
| Defendants. ) | |

Before the court is Defendant State of Nevada, Department of Conservation and Natural Resources, Division of State Parks' (State Parks) Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. #45). Plaintiff opposed the motion (Doc. #46) and Defendant replied (Doc. #48).

Both parties submitted matters outside the pleadings in support of and in opposition to the instant motion; thus, both parties have had a reasonable opportunity to present all material relevant to a motion for summary judgment. The court considered all matters submitted by both parties; therefore, the instant motion is treated as a motion for summary judgment in accordance with FED. R. CIV. PRO. 56.

## I. BACKGROUND

Plaintiff Michelle Roberts brings her complaint pursuant to 42 U.S.C. § 1983, alleging Defendant State Parks violated her constitutional rights (Doc. #33). Specifically, Plaintiff asserts that, while she was employed at Defendant State Parks, an employee supervisor of

Defendant, Defendant Penner, held a supervised and work-related party for the end of the season, which was closed to the public (Doc. #33 at 1). Plaintiff alleges that, during the party, Defendant Penner, acting under color of state law, "engaged in intentional, offensive and unwelcome touching and kissing of Plaintiff, intentionally engaged in frightful behavior towards Plaintiff, including stalking, making inappropriate sexual comments, and throwing a bag of bottles at Plaintiff that hit Plaintiff." (*Id.* at 2). Plaintiff further alleges Defendant Penner's advances towards her were made with the inducement of future employment dependent upon compliance with the advances and, when Plaintiff rebuffed the advances, Defendant Penner retaliated against her by chasing her and battering her (*Id.*). Plaintiff contends Defendant Penner's conduct created an intolerable working environment and made her believe she would be terminated; thus, said conduct constituted sexual harassment, created a hostile work environment, and resulted in an adverse employment action of constructive discharge (*Id.*).

Plaintiff asserts Defendant State Parks is liable under 42 U.S.C. § 2000e-2 for Defendant Penner's actions (*Id.* at 3). In her Amended Complaint, Plaintiff asserts the following causes of action: 1) violation of Plaintiff's Fourteenth Amendment right to due process (against Defendant Penner); 2) violation of Plaintiff's Fourteenth Amendment right to equal protection (against Defendant Penner and Defendant State Parks; 3) violation of Plaintiff's First Amendment right to free speech (against Defendant Penner); 4) battery (against Defendant Penner); 5) assault (against Defendant Penner); and 6) outrage (against Defendant Penner) (*Id.* at 2-5). Plaintiff requests the following relief: general damages, special damages, punitive damages, and attorney's fees and costs (*Id.* at 5).

## II. STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The moving party is entitled to summary judgment where, viewing the evidence and the inferences arising therefrom in favor of the nonmovant, there

are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). Judgment as a matter of law is appropriate where there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. FED. R. CIV. P. 50(a). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995), *cert. denied*, 516 U.S. 1171 (1996).

The moving party bears the burden of informing the court of the basis for its motion, together with evidence demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials of the pleadings, but must set forth specific facts showing there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the parties may submit evidence in an inadmissible form, only evidence which might be admissible at trial may be considered by a trial court in ruling on a motion for summary judgment. FED. R. CIV. P. 56(c); *Beyene v. Coleman Sec. Serv., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Anderson*, 477 U.S. at 248. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id*. Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

### III. DISCUSSION

Defendant State Parks (hereinafter Defendant) requests dismissal of or summary judgment on Plaintiff's claim against it (Second Claim for Relief) asserting Plaintiff failed to exhaust her administrative remedies and her claim is barred by the statute of limitations (Doc. #45). Specifically, Defendant argues Plaintiff failed to timely file her charge of discrimination with the EEOC and failed to timely file the instant suit within 90 days of receipt of her right-to-sue notice (*Id.* at 4-6).

Plaintiff argues she exhausted her administrative remedies because she filed her intake paperwork on June 14, 2004, 300 days after the alleged events of August 19, 2003 (Doc. #46 at 1). Plaintiff further argues she received her right-to-sue notice on August 5, 2005 and filed the instant action on August 12, 2005; thus, the action was commenced within the 90-day time period (*Id.*). To support her opposition, Plaintiff attaches the Declaration of her counsel, Jeffrey Dickerson, in which counsel swears under penalty of perjury that neither he nor Plaintiff received the notice of Plaintiff's right to sue until August 3, 2005 when Donna Franklin at the EEOC first faxed him a copy of said notice (Doc. #46-2 at 1-2). Counsel further declares that, during the relevant time period, it was the EEOC's policy not to issue a right-to-sue notice until the charge had been pending for at least six (6) months (*Id.* at 2). Thus, counsel contends the November dated right-to-sue notice "is thus an oddity." (*Id.*). Counsel asserts Plaintiff never received her right-to-sue notice and he is the only person who ever received a copy (*Id.*).

Defendant responds that it presumes the right-to-sue notice was sent to Plaintiff and her counsel per Plaintiff's address listed at the top of the letter and counsel's address listed at the bottom of the letter (Doc. #47 at 2). Defendant further responds that it received a copy of the right-to-sue notice on November 8, 2004 (*Id.*). Defendant argues that the 90-day limitation period is the statute of limitations and the period began when the delivery of the right-to-sue notice was attempted at the address of record (*Id.*). Applying the 5-day presumption for mailing the notice to Plaintiff, she would have received her notice no later

than November 10, 2004 (Doc. #47 at 2). Defendant contends Plaintiff offers no reasonable explanation as to why she did not receive her notice in November, 2004, as Defendant did, and Plaintiff's counsel's declaration stating the November-dated notice "is thus an oddity" is not persuasive or supported by legal authority (*Id.* at 2-3). Defendant requests the court not permit Plaintiff to argue any equitable tolling of the statute of limitations with regard to her failing to comply with the 90-day requirement (*Id.* at 3-4). Defendant further requests the court not permit Plaintiff to use the relation back rule because there is no new claim arising out of these facts and no new listed defendant (*Id.* at 4). Defendant argues Plaintiff's claim against it should be dismissed without leave to amend (*Id.*).

A. **FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

Generally, there are two (2) prerequisites to maintaining a Title VII claim in district court. A plaintiff must timely file a charge with the EEOC *and* must receive from the EEOC a right-to-sue notice before filing a civil complaint. *See* 42 U.S.C. § 2000e-5(b), (e), (f); *see also Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974).

42 U.S.C. § 2000e-5(e)(1) provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred and notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) shall be served upon the person against whom such charge is made within ten days thereafter, except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

42 U.S.C. § 2000e-5(e)(1).

Defendant argues Plaintiff failed to exhaust her administrative remedies because she did not timely file her charge with the EEOC (Doc. #45). Plaintiff argues her charge was timely filed because her counsel faxed an "intake letter" to the EEOC on June 14, 2004, the

300th day after the alleged last discriminatory act took place on August 19, 2003 (Docs. #46-2 at 1-2, 45-2 at 1).

Discrimination claims under Title VII ordinarily must be filed with the EEOC within 180 days of the date on which the alleged discriminatory practice occurred. 42 U.S.C. § 2000e-5(e)(1). However, when the state where the act occurred has its own discrimination law and its own enforcement agency – a so-called "deferral state" – Title VII extends the time to 300 days where the claimant initially institutes proceedings with the State or local agency with authority to grant or seek relief from such practice. *Id.* In Nevada, a deferral state, "the deferral state exception requires only that state proceedings be instituted before the expiration of the 300-day extended filing period." *Wiltshire v. Standard Oil Co. of California*, 652 F.2d 837, 839 (9th Cir. 1981). Furthermore, where the State has a work-sharing agreement with the EEOC, as Nevada does, the charges are deemed constructively filed with the State or local agency and the EEOC at the same time. 29 C.F.R. § 1626.10(c); *McConnell v. General Telephone Co. of California*, 814 F.2d 1311, 1315-1316 (9th Cir. 1987). Thus, Plaintiff was required to file her charge with the EEOC within 300 days of the last alleged discriminatory act.

The record indicates Plaintiff alleges the latest discriminatory act took place on August 19, 2003 (Doc. #45-2 at 1). Plaintiff contends her counsel filed her charge with the EEOC on June 14, 2004, on the 300th day, via facsimile, and provides the court with the documents sent and the facsimile transmission evidencing the facsimile was transmitted okay to the EEOC Los Angeles District Office (Doc. #46-3 at 2-7). The Ninth Circuit previously recognized a plaintiff could meet the filing of a charge requirement by merely filing a completed EEOC Intake Questionnaire. *See Casavantes v. Cal. State Univ., Sacramento*, 732 F.2d 1441, 1442 (9th Cir. 1984), *abrogated by Federal Exp. Corp. v. Holowecki,* ---- U.S. ----, 128 S.Ct. 1147 (2008). However, the Supreme Court recently abrogated the Ninth Circuit's opinion, concluding that a "charge" filed with the EEOC must not only include the contents required by the regulation, but must also "be reasonably construed as a request for the agency

6

to take remedial action to protect the employee's rights or otherwise settle a dispute between the employer and the employee." *Holowecki*, 128 S.Ct. At 1157-1158. Thus, merely filling out an Intake Questionnaire and sending it to the EEOC or faxing an "intake letter" to the EEOC may no longer be sufficient unless the questionnaire or letter is also construed by the EEOC as requesting agency action to protect the employee's rights.

In reviewing Plaintiff's letter to the EEOC, it appears Plaintiff sufficiently met the requirements necessary for her letter to constitute a "charge."

29 C.F.R. § 1601.12 provides:

(a) Each charge should contain the following:

(1) The full name, address and telephone number of the person making the charge except as provided in § 1601.7;
(2) The full name and address of the person against whom the charge is made, if known (hereinafter referred to as the respondent);
(3) A clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices: See § 1601.15(b);
(4) If known, the approximate number of employees of the respondent employer or the approximate number of members of the respondent labor organization, as the case may be; and
(5) A statement disclosing whether proceedings involving the alleged unlawful employment practice have been commenced before a State or local agency charged with the enforcement of fair employment practice laws and, if so, the date of such commencement and the name of the agency.

(b) *Notwithstanding the provisions of paragraph (a) of this section, a charge is sufficient when the Commission receives from the person making the charge a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of. A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred.*

29 C.F.R. § 1601.12 (emphasis added).

Plaintiff's letter sufficiently identifies the parties and describes, generally, the action or practices of which Plaintiff complained. Plaintiff's letter can also reasonably be construed as requesting agency action and appropriate relief on Plaintiff's behalf, as the letter clearly informs the EEOC that Plaintiff wishes to make a charge of discrimination against Defendant.

Included with the letter, was Plaintiff's designation of counsel as her representative before the EEOC and Plaintiff's declaration swearing under penalty of perjury that the information contained in the letter is true and correct. Finally, it appears the EEOC accepted Plaintiff's letter as a charge, evidenced by its letter in reply requesting additional information to apparently cure defects, omissions, and/or to request clarification and amplification of the allegations made therein. Accordingly, under these facts, Plaintiff's letter is sufficient to constitute a charge for purposes of exhausting her administrative remedies.

Defendant has provided no evidence that the EEOC did not receive Plaintiff's charge on the date Plaintiff's counsel declares transmitting the letter to the EEOC via facsimile. The facsimile transmission result report is not helpful as the date is clearly wrong (dated January 14, 1999). Thus, without evidence to the contrary, and construing the facts in the light most favorable to Plaintiff, the charge must be deemed filed with the EEOC on June 14, 2004, the 300th day and the date counsel declares faxing the letter to the EEOC. Accordingly, Defendant's request for summary judgment for failure to exhaust administrative remedies is **DENIED**.

B. **STATUTE OF LIMITATIONS AFTER ISSUANCE OF RIGHT-TO-SUE NOTICE**

Title VII requires a plaintiff to file his lawsuit in state or federal court within 90 days of the plaintiff's receipt of a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Procedural requirements such as a statute of limitations are to be strictly adhered to. *See Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992) (holding that a Title VII claim was foreclosed because it was filed three days after expiration of the statute of limitations). When a Title VII claimant fails to file within the 90-day statute of limitations, the action is barred. *Id.* at 267.

Under the common law Mailbox Rule, "proper and timely mailing of a document raises a rebuttable presumption that it is received by the addressee." *Mahon v. Credit Bureau of Placer County Inc.*, 171 F.3d 1197, 1202 (9th Cir. 1999) (citing *Anderson v. United States*, 966 F.2d 487, 491 (9th Cir. 1992); *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir.

1985) (properly mailed computer-generated notices can be presumed received)); *see also Schikore v. BankAmerica Supplemental Retirement Plan*, 269 F.3d 956, 961 (9th Cir. 2001) (citation omitted). There is a further presumption that a mailed document is received three (3) days after the date on which it is sent. Fed. R. Civ. P. 6(e); *Sherlock*, 84 F.3d at 525. Notice by a government agency, such as a right-to-sue letter, is presumed to be sent on the date shown on the letter. *Sherlock v. Montefiore Medical Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). These presumptions, however, are not conclusive, but are rebuttable by satisfactory evidence to the contrary. *In re Carter*, 511 F.2d 1203, 1204 (9th Cir. 1975).

The Ninth Circuit has adopted the three-day presumption after issuance of the EEOC notice, determining the three-day presumption is in accordance with FED. R. CIV. P. 6(e), which provides that "[w]henever a party must or may act within a prescribed period after service and service is made [by mail], 3 days are added after the prescribed period would otherwise expire." FED. R. CIV. P. 6(e); *Payan v. Aramark Management Services, Ltd.*, 495 F.3d 1119, 1125-1126 (9th Cir. 2007). The Ninth Circuit recognizes that "[t]his presumption – that the plaintiff received the right-to-sue letter by the date presumed under a three-day rule – is a rebuttable one." *Payan*, 495 F.3d at 1126 (citing *Issa v. Comp USA*, 354 F.3d 1174, 1178-1179 (10th Cir. 2003); *Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108, n.5 (3d Cir. 2003); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir. 2002); *Lozano v. Ashcroft*, 258 F.3d 1160, 1165-1167 (10th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 557-558 (6th Cir. 2000); *Sherlock*, 84 F.3d at 526). In reviewing whether the presumption has been rebutted, courts look for evidence suggesting that receipt was delayed beyond the presumed period. *Id.* (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (adding that the events causing delay must be "in no way [a complainant's] fault")). The Second Circuit, for example, found that "[i]f a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive."

9

*Sherlock,* 84 F.3d at 526 (noting evidence of a copy of the letter with "stamps indicat[ing] the timing of [the petitioner's] own receipt of the letter," but rejecting "self-serving" evidence as insufficient without additional support such as an affidavit from the petitioner).

Here, Plaintiff offered her counsel's sworn declaration under penalty of perjury declaring Plaintiff's right-to-sue notice was not received by him or by Plaintiff within three (3) days of the date issued (November 3, 2004) and further declaring the notice was received by counsel on August 3, 2005 (Doc. #46-2 at 2). Plaintiff further offers a facsimile transmittal cover sheet sent to Plaintiff's counsel *from the EEOC and dated by the EEOC*, enclosing Plaintiff's right-to-sue notice, which is dated August 3, 2005, consistent with counsel's sworn declaration (Doc. #46-7 at 3). Thus, under these facts, Plaintiff has offered sufficient evidence to rebut the presumption. Accordingly, Defendant's request for summary judgment on statute of limitations grounds is **DENIED**.

## IV. CONCLUSION

Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment (Doc. #45) is **DENIED**.

DATED:  August 20, 2008.

_____
UNITED STATES MAGISTRATE JUDGE